## IN RE DYE.

### (No. 2,166.)

(Submitted February 17, 1905.  Decided February 23, 1905.)

*Habeas Corpus—Judgment Nunc Pro Tunc—Special Terms.*

*Habeas Corpus*—Authority of Sheriff.

 1.  Where petitioner in *habeas corpus* is legally·in custody, it is immaterial when the officer got his authority to hold him, if he obtained it before he made return, and the authority appears in the return.

*Habeas Corpus*—Oral Judgment—Judgment *Nunc Pro Tunc*—Special Terms.

 2.  Under Penal Code, section 2753, providing that the court, if the time during which a party may be legally detained in custody has not expired, must remand him if he is detained in custody under final judgment of any competent court of criminal jurisdiction, or of any process issued on such judgment, where a petitioner for *habeas corpus* was convicted of murder, and oral judgment was rendered, confining him to prison for twenty-five years, without any record being made, but at a special term, after notice to petitioner and his counsel, the minutes were corrected to show the judgment as rendered, and on the judgment thus entered a commitment was issued, the petitioner was legally in custody, for the purposes of the judgment, and not entitled to his discharge.

ORIGINAL application by Wallace Dye for writ of *habeas corpus*.  Dismissed.

*Mr. S. C. Herron,* for Relator.

*Mr. Albert J. Galen,* Attorney General, and *Mr. J. J. Kerr,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

This matter is before us upon the petition of Wallace Dye to be discharged from the actual custody in which he is held by the sheriff of Valley county.  The petitioner was tried in the district court of that county for the crime of murder.  A writ of *habeas corpus* having been issued by order of this court on the 6th day of February, 1905, directed to the sheriff, he makes return that he holds the petitioner in his custody by

virtue of a commitment issued by a justice of the peace in said county upon the preliminary examination, and "by virtue of a certain commitment issued out of the district court * * * on the 9th day of February, A. D. 1905, upon a judgment rendered against him in the said district court on the 28th day of November, A. D. 1904, by which said commitment [he] was commanded to deliver the said Wallace Dye into the custody of the warden or other officer in charge of the state prison of Montana." The sheriff, in the return, further states that at the time said commitment issued out of the district court there was given to him an order of said court staying all proceedings under the judgment until after its decision upon a motion for a new trial, and that by virtue of that order the petitioner is kept in his custody.

The records and files of the district court in this case were produced before us by the clerk of that court, he having been served with a *subpoena* at the instance of the petitioner. There was not any point made by respondent as to the absence of proceedings in *certiorari* as ancillary to *habeas corpus,* or as to the manner in which the record was brought before us, and we shall consider what appears in the records.

The defendant having been convicted of murder in the second degree, the court, at the same term in which the conviction was had, orally rendered its judgment that the prisoner be confined in the state's prison for twenty-five years. This judgment was not entered at the time it was rendered, or at all during the term. In fact, there was not any record whatever made of this judgment in any of the books or papers of the court at that time. There is in the files a paper dated November 28, 1904, reading thus: "In this case it is ordered that all proceedings under the judgment just rendered be suspended until after the decision of the court upon motion for new trial." There not being any filemark upon this written order, we do not know when it was filed in the case. The clerk on the 9th day of February, 1905, made a certified copy thereof, and it was delivered to the sheriff. After the issuance of the writ of *habeas corpus* the district judge went to the county seat of

Valley county, and, without any public notice of his intention, opened a special term of court. The county attorney and the defendant and his attorney were notified, and came into court. The judge caused the minutes at that time to show that it was a special term of court, and that the minutes of the regular term in November of last year did not show that the judgment had been rendered against the defendant. The court caused the county attorney and the defendant's counsel to be sworn. They were examined as to the facts, and, from their testimony and the court's knowledge, the court found that a judgment had been rendered on the 28th day of November, in effect as hereinbefore stated. Thereupon the clerk was directed to "correct" the minutes of the November term so that they would show the judgment of the court as rendered. Upon this judgment, thus discovered and entered, a commitment was then and there, at this special term of court, on the 9th day of February, 1905, made out and given to the sheriff; and this is the commitment upon which the sheriff bases his return, in part. Notwithstanding this action of the court at this special term after the commencement of the *habeas corpus* proceedings, the petitioner still says that he is illegally deprived of his liberty.

This is an anomalous and unusual state of affairs. As to the first reason why the sheriff says he is keeping the prisoner (that is, that he had a commitment made out by a justice of the peace upon preliminary examination), we have only to say that it is not necessary to discuss the point, as the commitment from the district court after judgment is in the hands of the sheriff, and it is this judgment that at this time the officer should obey.

The question before us to be determined is whether or not the commitment under the judgment of the court, made under the circumstances above stated, is sufficient authority for the sheriff to hold the prisoner. The fact that the commitment was made after the writ of *habeas corpus* was sued out is not of any importance. If the petitioner is legally in custody in this case, it does not make any difference when the sheriff got his authority to hold him, provided he got it before he made

his return, and such authority appears in the return. The policy of the law is not to discharge people who should be legally held, if any legal reason appears why they should be detained. Its intention is to liberate the citizen who is detained illegally and without warrant of law. The prisoner, so far as the record before us shows, was duly tried and convicted, and judgment was rendered against him at the term at which he was convicted, and was afterward entered in accordance with an order made at the special term referred to above. Under what we consider the better authorities, the court was authorized to make the records speak the truth, and to do it as soon as possible after discovering the laches of the judge and of the clerk.

Under the law of this state, a judge may call a special term of court, and, strange as it is, it seems that he may call a special term without any formality and without any notice, whereas publication of the times of holding regular terms must appear in the newspaper, the object of such publication being to give notice to all litigants that they may attend and give attention to their own business which may be called up during the term. In this case all the parties had notice, and were actually present. There is not any dispute about the judgment having been rendered at the November term. The truth of the statements made in the return of the sheriff is not attacked.

The Penal Code (section 2753) says: "The court or judge, if the time during which such party may be legally detained in custody has not expired, must remand such party, if it appears that he is detained in custody   *   *   *   (2) by virtue of the final judgment or decree of any competent court of criminal jurisdiction, or of any process issued upon such judgment." It appearing that the petitioner has been committed to the custody of the sheriff by virtue of a judgment, and a process issued thereon, and that he is now in the custody of the officer under such judgment and process, and it not appearing that the jurisdiction of the court was or has been exceeded, or that the detention has since the judgment become unlawful, or that the process is so defective in matter of substance as to

render it void, or that the process has been issued in a case not allowed by law, or that the person detaining the prisoner is not the person allowed by law to detain him for the purpose of carrying out the judgment of the court, or that the process is one not authorized by any order, judgment, or decree of any court, or by any provision of law, or that the prisoner has been committed on a criminal charge without reasonable or probable cause, he may not be discharged, as he should be, were the opposite the case. (Section 2754, Penal Code.)

The only question before this court is: Shall the prisoner be given his liberty by order of this court? The only answer is that he is not entitled to his liberty. There are numerous other phases of this case which we might discuss, but all that we might say would be *dictum;* and we merely add that the duty of the sheriff is plain, under the order of the court, and that the order of court suspending the operation of the sentence is one not known to law—it not being a certificate of probable cause, asked for or obtained in the manner as provided by the statute.

If, when the writ was sued out in this court, the sheriff did not have anything that was sufficient, in law, to show why he held the prisoner, and if there was not then any record in the district court justifying the detention of the petitioner, still, since then the records and a commitment have been made up and supplied, and, under the authorities, we must hold, as we do, that the prisoner is legally in the custody of the sheriff for the purposes mentioned in the judgment; and therefore the writ is quashed, the proceedings dismissed, and the prisoner remanded.

*Dismissed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.