Argued November 18, 1969, affirmed January 8, 1970

# STATE OF OREGON, *Respondent, v.*
# ANDREW ALBERT NEWTON,
*Appellant.*

No. C-49950

463 P. 2d 373

R. *Dale Kneeland,* Portland, argued the cause and filed the brief for appellant.

*Billy L. Williamson,* Deputy District Attorney,

Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before SCHWAB, Chief Judge, FOLEY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

The defendant is appealing from a conviction for assault and battery by means of force likely to produce great bodily injury.

The defendant raises two assignments of error: That the trial court erred in denying defendant's motion for a directed verdict of acquittal, and in denying his motion for a new trial. They will be treated as a single claim, since they deal with the same basic question.[1]

On September 3, 1967, James H. Olson and the defendant were confined in the isolation area of Rocky Butte jail in Multnomah County. That evening, one Russell Keith Gorsuch was placed in the same cell with the defendant and Olson. Gorsuch was severely beaten that night, and the beating continued until the following day, when he was removed from the cell and taken to a doctor.

The defendant's indictment charged him with the commission of the crime "* * * on or about the 4th day of September, A.D., 1967, * * *." He now contends that the evidence showed that the beating occurred on September 3, 1967, and that the variance between the date alleged and the date proven was material and prejudicial in view of the existence of

[1] The denial of a motion for a new trial is not an appealable order. It is reviewed here only in the course of consideration of the appeal from the judgment.

another indictment for the same crime, but which alleged that the beating was inflicted on September 3, 1967.

██ During the trial, the other indictment against the defendant was ordered dismissed, and he offers no other grounds which would render the exact time of the occurrence material to his defense. Where time is not a material ingredient of the crime, the state is not required to establish that the crime was committed at the precise time alleged in the indictment, and the failure to do so is not prejudicial. *State v. Howard*, 214 Or 611, 331 P2d 1116 (1958) ; and *State of Oregon v. Lee*, 202 Or 592, 276 P2d 946 (1954). There was no error.

The judgment of the trial court is affirmed.