Argued September 25, affirmed November 2, petition for rehearing
denied December 22, 1970, petition for review denied
February 9, 1971

## STATE OF OREGON, *Respondent, v.* MARVIN LEE HAMILTON, *Appellant.*

### 476 P2d 207

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jacob B. Tanzer,* Solicitor General, Salem, argued

the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

LANGTRY, J.

Defendant appeals from conviction of burglary not in a dwelling. ORS 164.240. State's evidence was received showing that in the early morning hours of December 29, 1968, a jewelry store was burglarized and $11,000 in merchandise stolen. At that time Officer Berwanger, patrolling the alleyway behind the store, noted movement and a shadow inside the store. He radioed for aid. As he continued to observe, he saw a figure of a man in the light of adjacent street lights, whose clothing he described, emerge from the roof with a bag in hand. The figure climbed to an adjacent roof where there was a stairway. The officer ordered the figure to stop. Instead, it disappeared, and moments later the officer, with the help that arrived, found the defendant lying at the top of the stairway. He was dressed like the figure observed, and had in his possession a claw hammer, gloves, and an electric razor identified as taken in the burglary. A bag like the one the officer observed in possession of the figure on the roof, containing the balance of the loot, was sitting some 15 feet away. No one else was seen, and a search did not reveal any other person in the vicinity during the time involved, except officers and the owner of the store who had been called to the scene.

At the trial, while Officer Berwanger was being cross-examined by defendant's counsel, he was asked whether the defendant's clothing had been sent to the

"Crime Lab." He replied that it had not. Then followed this interrogation:

> "Q. I mean, Officer, I have been an officer myself, I have some experience with it. * * * [H]ow simple it would be to have a scientific examination made of the clothing to determine whether there were particles of that glass in there; did you consider this fact as a possibility?
>
> "A. Yes, sir.
>
> "Q. And you rejected it?
>
> "A. No, sir, if given the chance I can explain two reasons why the clothing was not sent in.
>
> "Q. Tell me.
>
> "A. The first one is we wait until notification of trial because the men at the Crime Lab are very busy, and the second one was that we were informed you were trying to get your client to plead guilty.
>
> "MR. KEENE: Your Honor, I think this is uncalled for and I would like to take a motion with the Court under the circumstances."

We have summarized the state's evidence to demonstrate that it was overwhelmingly against the defendant. We do not think the answer concerning the guilty plea could have affected the jury's verdict. See discussion in *State v. McLean*, 1 Or App 147, 459 P2d 559 (1969), *aff'd* 255 Or 464, 468 P2d 521 (1970).

■ The thrust of defendant's argument is that it was improper to receive testimony that defendant had negotiated with the prosecution for a guilty plea. While this is true, it is not the question. The question is whether it is reversible error if such testimony comes out in honest response to cross-examination by the defense. Invited error is not a cause for reversal. *State v. Jones*, 242 Or 427, 434, 410 P2d 219 (1966). Defendant's counsel made a calculated tactical decision to take

a chance on the answer when he asked the question. The defendant's chances of acquittal were extremely weak and his counsel was pressing for any advantage the defendant, in the circumstances, might gain in the minds of the jury.

The officer had taken an oath to tell the whole truth. He first said he had two reasons "if given a chance to explain" for not sending the clothes. This, in itself, was warning. If the defendant could gain from the question, he wanted the benefit of that gain. We think he cannot complain when the tactic failed. Criminal trials have many safeguards built in to protect the defendant, but they are, nevertheless, adversary proceedings. Defendant must have the aid of counsel. Defendant had that and we observe that his counsel was able and energetic. Counsel made a tactical decision to ask a question in the heat of trial which could have been of benefit to the defendant. It backfired. Subsequent evidence introduced in an effort to reduce the effect of the answer indicated the officer's answer was substantially true. We think there was no reversible error.

> "* * * Any other result would put the burden upon the state to see that the petitioner hired or was furnished at his trial of conviction that nonexistent person, a perfect lawyer * * *." *North v. Cupp*, 254 Or 451, 459, 461 P2d 271 (1969), *cert denied*, 397 US 1054, 90 S Ct 90, 1396 L Ed 2d 670 (1970).

Defendant contends the evidence shows that the district attorney and the officer laid a trap for defendant's counsel. Our review of the record indicates that what they did was not improper.

The other assignment of error is that the defendant should have been afforded an opportunity to

explain his two former convictions. He took the witness stand and on direct examination his counsel brought out by his testimony two former convictions and sought to have defendant explain them. The court correctly sustained objections by the prosecutor. Evidence of former convictions may be produced only for impeachment purposes. ORS 45.600. In Oregon it is improper to explain former convictions when the opposing party uses evidence of them for impeachment purposes. *State v. Rollo,* 221 Or 428, 437, 351 P2d 422 (1960); *Hendricks v. P.E.P. Co.,* 134 Or 366, 373-74, 289 P 369, 292 P 1094 (1930). Furthermore, in the case at bar, the defense was in error when it broached the subject, for a party may not undertake to impeach his own witness. ORS 45.590. See our discussion of this subject in *State v. Miller,* 1 Or App 460, 460 P2d 874 (1969).

Affirmed.