Argued March 27, reversed and remanded April 13, 1972

STATE OF OREGON, *Appellant, v.*
JOHN C. MITCHELL, *Respondent.*

495 P2d 1245

*Robert A. Lucas,* District Attorney, St. Helens, argued the cause and filed the brief for appellant.

*James T. Marquoit,* Portland, argued the cause for respondent. On the brief were Maizels & Marquoit, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

This is an appeal from a circuit court order granting a motion to set aside an "amended" indictment charging defendant with sale of marihuana.

■ Defendant was indicted by the Columbia County grand jury on March 1, 1971, for unlawful sale of marihuana. The case resulted in a mistrial because the jury was unable to reach a verdict. A subsequent grand jury, at the instance of the district attorney, returned an "amended" indictment which differed from that of March 1 only as to the date of the alleged crime.[1] Defendant was arraigned.

Before entering a plea he moved to set aside the "amended" indictment because the laws of Oregon "do not provide for the amendment of an indictment once the said indictment has been presented by the Grand Jury and the defendant arraigned thereon." The trial court allowed the motion and exonerated defendant's bail. The state appeals.

■ The state raises a preliminary question concerning the appropriateness of defendant's "motion to set aside." ORS 135.510[2] specifies the grounds upon

[1] Apparently the state's evidence at trial failed to support the alleged date of the crime. Whether a new indictment was necessary for the state to prove that the sale occurred prior to the date alleged in the original indictment is unclear. When time is not a material ingredient of a crime, the state is not required to establish that the crime was committed on the precise day alleged. State v. Newton, 1 Or App 419, 463 P2d 372 (1970). Defendant here alleged alibi as a defense; however, it has been held that alibi does not make time material. State v. Gibbons, 228 Or 238, 364 P2d 611 (1961); State v. Jackson, 221 Or 315, 351 P2d 439 (1960); but see State of Oregon v. Lee, 202 Or 592, 603-604, 276 P2d 946, 951 (1954).

[2] ORS 135.510 provides:

"The indictment shall be set aside by the court upon the motion of the defendant in either of the following cases:

"(1) When it is not found, indorsed and presented as prescribed in ORS 132.360, 132.400 to 132.430 and 132.580.

"(2) When the names of the witnesses examined before the grand jury are not inserted at the foot of the indictment or indorsed thereon."

which an indictment may be set aside. Generally, these grounds relate to the procedure by which an indictment is found, indorsed and presented as prescribed in ORS ch 132. Defendant does not actually argue that these procedures have not been followed in returning the "amended" indictment.⑧

---

ORS 132.360 provides:

"A grand jury may indict or present a person, or present facts to the court for instruction as provided in ORS 132.370, with the concurrence of five of its members, and not otherwise."

ORS 132.400 provides:

"An indictment, when found, shall be indorsed 'a true bill,' and such indorsement signed by the foreman of the jury."

ORS 132.430 provides:

"(1) When a person has been held to answer a criminal charge and the indictment in relation thereto is not found 'a true bill,' it must be indorsed 'not a true bill,' which indorsement must be signed by the foreman and presented to the court and filed with the clerk, in whose office it shall remain a public record. In the case of an indictment not found 'a true bill' against a person not so held, the same, together with the minutes of the evidence in relation thereto, must be destroyed by the grand jury.

"(2) When an indictment indorsed 'not a true bill' has been presented in court and filed, the effect thereof is to dismiss the charge; and the same cannot be again submitted to or inquired of by the grand jury unless the court so orders."

ORS 132.580 provides:

"When an indictment is found, the names of the witnesses examined before the grand jury must be inserted at the foot of the indictment, or indorsed thereon, before it is presented to the court."

⑧ Defendant argues that each of the sections of ORS ch 132 referred to in ORS 135.510 (1) speaks of *the* grand jury in the *singular,* from which he asks us to infer that when a subsequent grand jury amends an indictment the procedural requirements of ORS ch 132 are not complied with because the indictment is found, indorsed and presented by *two* grand juries. The vice of this argument is that it assumes the answer to the central question before us—that is, whether the original indictment was actually amended or whether there was a new indictment.

█ The thrust of defendant's motion to set aside is that the grand jury had no authority to amend the indictment under the laws or constitution of Oregon. This is not a ground specified for a motion to set aside in ORS 135.510, and the law seems settled that a motion to set aside is limited to those grounds prescribed. *State v. Kelliher,* 49 Or 77, 88 P 867 (1907); *State of Oregon v. Whitney,* 7 Or 386 (1879). On this procedural basis the state argues for reversal.

█ Reversal on this basis would seem to be an unduly harsh result since the legislature apparently has not prescribed any procedure by which a defectively amended indictment may be challenged. The motion made by defendant resembles the statutory motion to set aside in that it challenges the *procedure* by which the indictment was returned. For this reason we believe ORS 1.160 can be invoked to satisfy this preliminary objection.

> "\* \* \* [I]n the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes."

█ The sole provision for amendment of an indictment in Oregon law is found in Oregon Constitution, Art VII, § 5 (Amended):

> "\* \* \* [A]ny district attorney may file an amended indictment whenever an indictment has, by ruling of the court, been held defective in form \* \* \* ."

Obviously, this provision does not come into play in the case at bar: the original indictment was not held defective as to form but remains outstanding, as the state concedes.

■ Instead, this case turns on the question of whether the original indictment was actually amended or whether there was a new indictment. In deciding this question our inquiry is limited to the four corners of the indictment. *See State v. Davis,* 1 Or App 285, 462 P2d 448 (1969). An indictment is presumed to have been duly returned by the grand jury. *State v. Guse,* 237 Or 479, 392 P2d 257 (1964).

In all respects other than the inclusion of "amended" in the caption, this indictment conforms with the requirements of ORS ch 132. As we noted above, defendant's motion to set aside does not allege that the procedure by which the grand jury returned the indictment did not meet the requirements of ORS ch 132; for example, it does not allege that less than five members concurred in the indictment (ORS 132.-360); or that the indictment is not indorsed a true bill and signed by the foreman (ORS 132.400).

■ The superfluous inclusion of "amended" in the caption of this otherwise valid indictment cannot render it invalid.

> "No indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of a defect or imperfection in a matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." ORS 132.590.

Defendant contends that successive indictments cannot be returned by the grand jury for the same criminal act. Nothing in the record before this court indicates the two indictments charge the *same* criminal act. The dates of the alleged sale of marihuana differ on the two indictments. But, assuming, *arguendo,* that the same act is charged in each indictment,

defendant directs us to no statutory or case law in Oregon which prohibits successive indictments for the same crime.

■ In *Ex Parte Jung Shing,* 74 Or 372, 145 P 637 (1915), a *habeas corpus* proceeding, defendant was first indicted for murder on March 22, 1913. On motion of the district attorney the indictment was resubmitted to the grand jury December 21, 1914. An indictment for the same murder was returned the following day. (The opinion does not relate whether this was a subsequent grand jury, although the dates necessarily indicate that it was.) There was some question whether the first indictment was still outstanding. Pertinent to defendant's contention here, the court there, in answer to a similar contention, said:

"* * * If, on the other hand, the order to resubmit did not amount to a dismissal, and if we treat the first indictment as still pending, nevertheless the grand jury was not precluded from returning the second indictment. Up to this time the petitioner has not been put in jeopardy: *State v. Steeves,* 29 Or. 85-107, (43 Pac. 947).

"The rule announced in *State v. Reinhart,* 26 Or. 466 (38 Pac. 822), is decisive of the question, and in that case the court uses the following language:

" 'It is also claimed that the power of the grand jury is at an end when it returns an indictment into court, and that it cannot afterward return another indictment against the same defendant for the same offense, unless by order of the court the case is resubmitted to them. We can find no warrant in law for this contention.'

"*The general rule is that successive indictments may be returned against the same person for the same offense, unless prevented by some obstacle,*

*such as former jeopardy or a statute * * *."* (Emphasis supplied.) 74 Or at 380.

*See also,* 41 Am Jur 2d 898, Indictments and Informations § 29 (1968); 42 CJS 888, Indictments and Informations § 34 (1944). No jeopardy attached when the original indictment resulted in a mistrial in the case at bar. *State v. Paquin,* 229 Or 555, 368 P2d 85 (1962); *State v. Reinhart,* 26 Or 466, 38 P 822 (1895). Thus, we see no reason why the rule articulated in *Shing* should not control.[2]

■ Although two indictments are outstanding against defendant, if they are for the same criminal act the state may convict on only one, conviction for the other being barred by the protection against double jeopardy. As a practical matter the state will have to elect which charge it intends to bring to trial. Thus, having the first indictment outstanding engenders no prejudice to defendant.

Reversed and remanded for further proceedings consistent with this opinion.

---

[2] In a somewhat similar case decided this day, State v. Steward, 9 Or App 35, 496 P2d 40, the indictment was resubmitted to the same grand jury pursuant to ORS 135.670 after the court allowed defendant's demurrer.