Argued March 31, affirmed April 13, petition for review
denied May 16, 1972

# STATE OF OREGON, *Respondent, v.*
# DANNY RAY STEWARD, *Appellant.*

496 P2d 40

*Glenn D. Ramirez,* Klamath Falls, argued the cause for appellant. With him on the brief were Ramirez & Hoots, Klamath Falls.

*Marcus K. Ward,* District Attorney, Lakeview, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from conviction and sentence for possession of marihuana. Former ORS 474.020.[⊙] The original indictment was returned on October 30, 1970. Upon motion by the district attorney the court ordered the matter resubmitted to the grand jury and a second indictment was returned on December 10, 1970. The second indictment charged the defendant with possession (Count I), control (Count II), and dispensing (Count III). Each of the indictments was numbered "7414." Defendant demurred to both indictments. The reason assigned for the demurrer to the second indictment was that three crimes were charged "impliedly from the same act." The defendant also moved to quash the second indictment for the reason that there is no statutory provision for "amended indictments" and that a new indictment should have been returned. The demurrer to the second indictment and motion to quash were denied and the defendant assigns such denials as errors (1) and (2). Additionally, defendant asserts it was error (3) to deny his motion for a change of venue, (4) to overrule defendant's objection to the admission of a marihuana sample, (5) and (7) to overrule his motions for acquittal and directed verdict for lack of evidence, and because the evidence established entrapment as a

---

[⊙] ORS 474.020.

"(1) It shall be unlawful for any person to * * * possess, have under his control * * * dispense * * * any narcotic drug * * *.

"* * * * *." Repealed Oregon Laws 1971, ch 743, § 432.

matter of law, (6) for receiving certain rebuttal evidence over objection, and (8) for refusal to give an instruction that the marihuana in evidence must have been "in an amount sufficient to be used as a narcotic."

From credible evidence produced by the state the jury could have found that on October 22, 1970, a party attended by numerous young people was held with the defendant's consent and cooperation at his home, and that during the party the defendant produced two cigarettes which were passed around among some of the people who attended the party; that each of them puffed on the cigarettes which were returned to the defendant and that he in turn passed their remains over to the prosecuting witness, who was an undercover agent of the Lakeview police department, for the purpose of having him make further smokable material from the butts. The agent pinched out a small amount of the residue from one of the butts and placed it in a matchbook cover which he put in one of his pockets. Under chemical analysis it proved to be marihuana.

Defendant's testimony and that of some of his witnesses sharply contradicted the prosecuting witness's testimony, saying that the prosecuting witness arranged the entire party at defendant's home without defendant's consent and, with numerous of the people who attended the party, forced his way into the house and supplied beer to the partygoers, who included several minors. Defendant denied that he at any time had possession of or used any marihuana at the party and that he did not have parties at his residence like the subject party. He denied any extensive use of beer at his house. In rebuttal the state produced testimony from a next-door neighbor who owned the house in

which defendant lived. He told about parties during defendant's occupancy attended by numerous young people who came and went throughout the night, and said that for several weeks this occurred almost every night. The witness said he required the defendant to move in order to get some sleep, and that there were large quantities of empty beer bottles left on the premises.

The first and second indictments are substantially different. The first charges dispensing, possession and control of marihuana in one count. Defendant demurred to this indictment on the ground that it charged more than one crime, ORS 135.630 (3). On motion of the district attorney the court allowed the demurrer and ordered resubmission of the indictment pursuant to ORS 135.670 and 135.690.

The same grand jury returned the second indictment which charges dispensing, possession and control in three separate counts, each "as part of the same transaction." Although defendant's motion to quash refers to this indictment as an "amended" indictment, he points to nothing which would indicate the indictment is not a new indictment, regularly returned by the grand jury. Generally, defects in the return of indictments are attacked by a motion to set aside, ORS 135.510. See *State v. Mitchell,* 9 Or App 17, 495 P2d 1245 (1972). That the second indictment retained the same case number as the first cannot invalidate it:

> "No indictment is insufficient * * * by reason of a defect or imperfection * * * of form which does not tend to the prejudice of the substantial rights of the defendant * * *." ORS 132.590.

We also hold that the second indictment was not vulnerable to defendant's demurrer because it is

not apparent upon its face that the three crimes charged "could not be a part of the same transaction." *State v. Huennekens,* 245 Or 150, 154, 420 P2d 384 (1966). The jury found the defendant guilty of Count I and acquitted him of Counts II and III. Therefore, we do not reach the question whether, after the evidence was heard, one or more of the counts should have been withdrawn from jury consideration; or whether, if the jury had found defendant guilty of more than one, the convictions merged and only one sentence could be imposed. See discussion, *State v. Clipston,* 3 Or App 313, 325-330, 473 P2d 682 (1970), and *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971).

■ We find nothing in the transcript of the hearing upon defendant's motion for change of venue to lead to any conclusion other than that the trial judge made a proper ruling thereon.

■ ■ The marihuana sample in the matchbook received in evidence was small. However, it admittedly was small when taken, and had been partially used in a chemical test, and had been an exhibit in at least one other trial. The chain of possession of the sample testified to was adequate to support its admission. It was properly received. *State v. Hood,* 225 Or 40, 356 P2d 1100 (1960).

■ ■ ■ ■ If the jury believed the testimony of the prosecuting witness the state proved its case. If it believed the defendant the state did not prove its case. The same is true with reference to defendant's contention that he was entrapped. The court properly instructed the jury as to its function, giving a complete instruction on entrapment—that is, Oregon State

Bar Uniform Jury Instruction 210.10. These assignments are without merit.

■ ■ The defendant testified at length about the quiet life he enjoyed during the relatively short time he lived at the house where the party occurred. In doing so, he was seeking to convince the jury that he would not have had a party such as that which had been described as having occurred on October 22, 1970. Thus, by his own testimony he made that subject and his credibility with reference thereto a material factor in the case. He cannot complain that the state produced, and the court allowed, evidence in rebuttal from other witnesses which challenged his credibility in this regard if it was not remote in time or substance. It appears that defendant took a calculated risk in the testimony he gave in this regard, and it backfired. We will not relieve him of the consequences. *State v. Hamilton,* 4 Or App 214, 217, 476 P2d 207 (1970), Sup Ct *review denied* (1971).

■ ■ The court refused defendant's request to instruct that possession must have been "in an amount [of marihuana] sufficient to be used as a narcotic." He argues in this connection that the evidence was that no one who puffed on the cigarettes evidenced any effects from them. The state's evidence was that defendant had two cigarettes which were puffed upon by several people and a sample from one of them proved positive for marihuana. This, if believed, was sufficient proof of quantity for submission of the case to the jury. *State v. Goetz,* 7 Or App 515, 491 P2d 220 (1971), Sup Ct *review denied* (1972). The court instructed that the jury must find that defendant had in his possession "marihuana." Under the evidence the instruction was adequate.

Affirmed.