Submitted on briefs December 20, 1972, reversed March 5, petition
for rehearing denied March 29, petition for review
denied May 15, 1973

# STATE OF OREGON, *Appellant, v.* CHARLES FREDRICK PERRY (No. 7774), *Respondent.*

507 P2d 58

586

Robert E. Brasch, District Attorney, and Richard L. Barron, Assistant District Attorney, Coquille, for appellant.

Gary D. Babcock, Public Defender, and Robert C. Cannon, Deputy Public Defender, Salem, for respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

Defendant was indicted for first degree theft. ORS 164.055.

The indictment charges:

"CHARLES FREDRICK PERRY is accused by the Grand Jury of the County of Coos, State of Oregon, by this Indictment of the crime of THEFT IN THE FIRST DEGREE committed as follows:

"That said CHARLES FREDRICK PERRY on the 13th day of October, 1972, in the County of Coos and State of Oregon, then and there being, did unlawfully and knowingly commit theft of money of the United States of America, of the total value of more than Two Hundred Dollars, the property of Brian George Berg, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"Dated at the City of Coquille, in the County aforesaid, the —— day of October, 1972."

It was filed October 31, 1972.

Defendant demurred thereto. The trial court sustained the demurrer on the ground it failed to allege that the crime charged was committed before the find-

ing of the indictment. In so doing the court expressly ordered "* * * that the above entitled case be resubmitted to the * * * Grand Jury." For reasons which do not appear of record the district attorney apparently ignored the order to resubmit and appealed the order sustaining the demurrer to this court.

Since it is obvious from the face of the indictment that the error in omitting the date in October that the indictment was returned was solely the responsibility of the district attorney, which he concedes, it is difficult indeed to understand why he did not comply with the court's order and promptly resubmit the indictment to the grand jury. To have done so would have avoided what on the face of this record would appear to have been an unnecessary appeal. It is, after all, the right of the defendant to a speedy trial which is most seriously affected by an appeal by the state under such circumstances. That question, however, is not now before us. Nor does the expense both in time and money of an appeal, here entirely on the state, appear to have been a necessary burden under these circumstances for the district attorney to have required the state to assume.

██ The defendant in effect contends that "the ——— day of October, 1972" does not allege the crime was committed before the finding of the indictment and thus that it is void on its face. We disagree. The test is whether the indictment charges an impossible or future date. 41 Am Jur 2d 956, Indictments & Informations § 120.

ORS 132.540(1)(e) states:

"(1) The indictment is sufficient if it can be understood therefrom that:

"* * * * *

"(e) The crime was committed at some time prior to the finding of the indictment and within the time limited by law for the commencement of an action therefor."

The indictment does not charge that the crime was committed on an impossible date. On the contrary, it charges on its face in the past tense[1] that the theft was committed on October 13, 1972. Thus the reasonable import from the face of the indictment is that it was submitted to and returned by the grand jury on some date subsequent to October 13, 1972, and not later than October 31, 1972, the date on which it was filed.

■ Thus we conclude that the indictment sufficiently complied with ORS 132.540(1)(e), since its reasonable import was that the grand jury returned the indictment at some date between October 13, 1972, and October 31, 1972. It does not charge on its face an impossible or a future date. As we said in *State v. Mitchell,* 9 Or App 17, 22, 495 P2d 1245 (1972), "An indictment is presumed to have been duly returned by the grand jury. *State v. Guse,* 237 Or 479, 392 P2d 257 (1964)." We will not presume from the face of this indictment that the grand jury returned it prior to October 13, 1972, the date the crime is charged to have been committed.

Reversed.

---

[1] In Combest v. State, 51 Okla Crim 38, 299 P 920 (1931), the court held that an information was sufficient which charged the commission of an offense the same day where the allegations as to the commission of the offense were in the past tense. *See also,* 42 CJS 1007, Indictments and Informations § 125.