Argued May 27, reversed and remanded for trial June 16, 1975

## STATE OF OREGON, *Appellant, v.* GLASKER RANKIN, JR. (No. C 74-10-2998 Cr), *Respondent.*

536 P2d 538

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*Ancer L. Haggerty,* Portland, argued the cause for

respondent. With him on the brief was Michael Mc-Elliott, Portland.

Before SCHWAB, Chief Judge, and THORNTON and LEE, Judges.

THORNTON, J.

The state appeals from an order of the trial court allowing defendant's motion to dismiss one of two indictments pending against defendant.

The sole issue presented is: When a defendant has been indicted for a criminal violation and is awaiting trial, is the state precluded from seeking and obtaining a second indictment based on the same criminal act or transaction.

On August 30, 1974, defendant was indicted for fraudulent sale of imitation drugs.

On October 3, 1974, a subsequent grand jury indicted defendant for attempted criminal activity in drugs. Both indictments were based upon essentially the same set of facts.

Defendant moved to dismiss the second indictment on the ground that the first grand jury considered all the evidence and only returned an indictment for fraudulent sale of imitation drugs; that this in effect amounted to returning a "not true bill" with regard to the greater charge of attempted criminal activity in drugs. The state countered by moving to consolidate the two indictments and strike defendant's motion to dismiss.

Defendant avers that the true reason why the state sought and obtained the second indictment was because defendant refused to plead guilty to the first indictment following a pretrial, plea-bargaining conference; that this constituted unfair if not illegal tac-

tics and was grounds for dismissing the second indictment.

The state denies the allegations of unfair tactics, stating that

"* * * [t]he second indictment * * * was sought in order to avoid the absurd result that defendant could be acquitted if he went to trial for fraudulent sale of imitation drugs and testified that he believed that the substance was the real thing * * *."

The trial court allowed defendant's motion on the ground stated above and other grounds set forth in the margin.①

We are of the opinion that the trial court erred in allowing defendant's motion to dismiss the second indictment.

■ A grand jury may find a valid indictment notwithstanding the fact that another indictment is pending against the accused based on the same act or transaction. *See, Ex parte Jung Shing,* 74 Or 372, 145

---

① The court's order in part provided:

"5. The Court concludes when one grand jury hears and returns an indictment on August 30, 1974, then the State presents the same evidence to another Grand Jury in October, 1974, a principle of fundamental fairness is breached.

"6. The Court further concludes that an implication arises that once a grand jury has met and heard a set of facts and returned a true bill charging a particular crime, it implicitly excludes and renders a not true bill as to any greater or additional charge even though there is not an official return.

"7. The Court further concludes that the prophylactic principle embodied in ORS 132.430 requires that the District Attorney show good cause for representing the matter to the Grand Jury.

"8. The Court additionally concludes that the State cannot proceed on the first prosecution and re-indict on another charge arising out of the same transaction at a subsequent time without some showing to the Court."

P 637 (1915); *State v. Mitchell,* 9 Or App 17, 22-23, 495 P2d 1245 (1972).

In announcing its new prophylactic rule in the case at bar, the trial judge cited ORS 132.430[2] as part of the basis for the new rule.

ORS 132.430 does not apply to the present fact situation, which the trial judge of course recognized. The trial court's position, however, was that the policy considerations underlying ORS 132.430 should apply even when a defendant has not been held to answer.

 We conclude that the terms of this statute cannot be judicially extended to an accused who has not been held to answer, as in the instant case. This is a revision of our code of criminal procedure which would require action by the legislative branch rather than the judicial branch. Nor can we find any legal basis for concluding that when a grand jury indicts for a certain crime based upon a given set of facts it automatically renders a "not true bill" on any greater offense for which under the same set of facts defendant might have been indicted.

Reversed and remanded for trial.

---

[2] ORS 132.430 provides:

"(1) When a person has been held to answer a criminal charge and the indictment in relation thereto is not found 'a true bill,' it must be indorsed 'not a true bill,' which indorsement must be signed by the foreman and filed with the clerk of the court, in whose office it shall remain a public record. In the case of an indictment not found 'a true bill' against a person not so held, the same, together with the minutes of the evidence in relation thereto, must be destroyed by the grand jury.

"(2) When an indictment indorsed 'not a true bill' has been filed with the clerk of the court, the effect thereof is to dismiss the charge; and the same cannot be again submitted to or inquired of by the grand jury unless the court so orders."