Argued May 9, affirmed June 27, 1962

## STATE OF OREGON *v.* CRUSE

372 P. 2d 974

*Richard H. Allen,* Salem, argued the cause and filed a brief for appellant.

*Gary D. Gortmaker,* Deputy District Attorney, Salem, argued the cause for respondent. With him on the brief was Hattie Bratzel Kremen, District Attorney, Salem.

Before McAllister, Chief Justice, and Rossman, O'Connell and Goodwin, Justices.

## McALLISTER, C. J.

This is an appeal by the defendant, Edward Everett Cruse, from his conviction in the circuit court for Marion county of the crime of obtaining money and property by false pretenses in violation of ORS 165.205.

Defendant assigns as error the failure of the trial court to sustain an objection to certain questions about other offenses asked of defendant during his cross-examination by the state.

The defendant, as a witness on his own behalf, admitted that on Saturday, April 22, 1961, he gave the proprietor of a men's clothing store in Salem a worthless check for $40, and received in exchange both merchandise and cash. In effect he admitted all of the elements of the crime with which he was charged except guilty knowledge and criminal intent.

The check was drawn on the North Salem Branch of The United States National Bank in which defendant had opened an account on May 19, 1959. Numerous deposits were made and checks drawn on the account until the end of July, 1959. The last deposit to the account, in the amount of $5, was made on July 30, 1959. On August 15, 1959 the balance in the account was reduced to $5.33, and on February 17, 1960 the

balance was reduced to thirty-three cents. The bank closed the account on July 29, 1960, and it was still a closed account when defendant issued the check in question on April 22, 1961.

Defendant testified that he had been incarcerated in the Washington State Reformatory at Monroe, from about March 15, 1960 to April 10, 1961. He admitted that he had not personally deposited any money in his bank account after February, 1960, but testified that in Salem on February 15, 1960 he gave his estranged wife $400 to deposit in his account. He also testified that after his release from the reformatory in April, 1961, while he was in Port Angeles, Washington, he gave his sister-in-law $300 and requested her to deposit the money in his account in Salem. According to the defendant the sister-in-law was moving to California and intended to stop in Salem enroute.

During his direct examination defendant testified that after his release from the reformatory on April 10, 1961 he spent several days in Seattle and Port Angeles, and then returned to Salem to take care of his "union affairs." His testimony included the following question and answer:

"Q When you arrived back in Salem on Friday night, April 21st, 1961, did you make any effort to contact the bank concerning your account?

"A The bank was closed when I arrived in Salem. It was around 9 o'clock in the evening."

Defendant was cross-examined by the state as follows:

"Q It is your testimony today that you thought you had sufficient money in the bank to cover the check you wrote to Mr. Jones?

"A Yes.

"Q Did you write any checks the previous day in Salem?

"A I may have. I don't recall.

"Q You know whether you wrote any checks in Salem the day before this one, do you not?

"A I don't think I was in Salem the day before this.

"Q You are sure you didn't write one to Capitol Drug Store for $15.00 on April 21st?

"A I don't recall whether I did or not.

"Q Do you recall whether you wrote one to Quisenberry's Drug store for $10.00?

"MR. GARRETT: I would object. They have nothing to do with this crime. This man should not be required to answer these questions.

"THE COURT: I think it is just to test his recollection. Overrule the objection.

"Q Do you recall whether or not you wrote a check to Quisenberry's for $10.00 on April 21st?

"A I don't recall that it was April 21st. I do remember writing a check at Quisenberry's Pharmacy.

"Q You say you were arrested Sunday. Could it have been Saturday the 22nd you wrote it, before you wrote the check for Mr. Jones?

"A I'm not sure.

"Q Did you write one to Chapman's Drug Store on April 21st for $10.00?

"A No.

"Q Did you write a check to Adolph's on April 21st, 1961, for $10.00?

"A Where?

"Q Adolph's. A United States National Bank counter check?

"A I don't even know where Adolph's is.

"Q Then you are saying you didn't write the check?

"A I don't recall writing a check there.

"Q Do you recall being at Emery's Food Liner on April 22nd and leaving a package there when you were passing a check and they were calling the bank to check on your identification?

"A I recall being at Emery's Food Liner.

"Q Did you take a package in with you?

"A Yes.

"Q Did you leave it there when you left?

"A I believe so.

"Q Did you attempt to pass a check there?

"A I asked the manager to cash a check.

"Q You left a check there too, didn't you?

"A I believe I did."

■ Putting aside the adequacy of the objection in the court below, we are satisfied that there is no merit in the assignment of error. ORS 139.310 authorizes the cross-examination of a defendant in a criminal case who testifies in his own behalf "upon all facts to which he has testified and which tend to his conviction or acquittal." It has long been settled that this statute permits cross-examination upon all matters "properly germane to and connected with" the testimony in chief. *State v. McCarroll,* 123 Or 173, 177, 261 P 411 (1927); *State v. Stilwell,* 109 Or 643, 663, 221 P 174 (1923); *State v. Wong Wen Teung,* 99 Or 95, 107, 195 P 349 (1921); *State v. Lem Woon,* 57 Or 482, 490, 107 P 974, 112 P 427 (1910), affm'd 229 US 586, 33 S Ct 783, 57 LEd 1340 (1913); *State v. Deal,* 52 Or 568, 571, 98 P 165 (1908).

The earlier cases determining the scope of cross-examination permissible under the statute were re-

viewed and approved in *State v. Lem Woon,* supra, 57 Or at 491, as follows:

"* * * Section 1400, B. & C. Comp. [now ORS 139.310], makes a defendant in a criminal action competent as a witness on his own behalf, and, when offering himself as a witness, he shall be deemed to have given the prosecution a right to cross-examination upon all the facts to which he has testified tending to his conviction or acquittal. The scope of such cross-examination is now settled by the case of State v. Bartmess, 33 Or. 110, 124 (54 Pac. 167, 171), where Mr. Justice Moore, speaking for the court, says:

" 'A fair construction of the statute in question leads us to conclude that defendant in a criminal action, having voluntarily testified in his own behalf, may be cross-examined in relation to all facts and matters germane to the testimony given by him on his examination in chief.'

"And in State v. Miller, 43 Or. 325, 330 (74 Pac. 658, 659, Mr. Justice Wolverton says:

" 'The statute, however, is not to receive an unduly restricted or narrow construction, and the cross-examination must extend the inquiry to facts and matters manifestly germane and relevant to the facts testified to in chief, tending to their explanation and elucidation, and in this respect may be as searching and broad as the foundation upon which it rests.'

"And the still more recent case of State v. Deal, 52 Or. 568 (98 Pac. 165), Mr. Chief Justice Bean, speaking of the cross-examination of a defendant, says:

" 'It must now be regarded as settled that it must be confined to matters properly germane to and connected with his testimony in chief. * * * In other words, a defendant cannot, under the guise of a cross-examination, be compelled, in violation of Section 11, Article I, of the Constitution of Oregon, to give evidence against himself, but, when he

becomes a witness on his own behalf, he waives this constitutional guaranty as to all matters properly connected with his examination in chief, and subjects himself to such cross-examination thereon as may tend to explain, elucidate, or affect the credibility of his testimony, and such cross-examination may be as vigorous, and searching as that of any other witness.'

"Thus, even if the cross-examination does make him a witness against himself, it is not objectionable on account thereof, provided it relates to matters properly connected with his examination in chief. * * *"

In the later case of *State v. Wong Wen Teung*, supra, 99 Or at 111, this court said:

"Under our statute, in a criminal proceeding defendant who elects to testify in his own behalf, waives the constitutional protection guaranteed by Article I, Section 11, Constitution of Oregon, as to all matters germane to the facts to which he has testified upon his examination in chief: State v. Deal, 52 Or. 568, 570 (98 Pac. 165). In the cross-examination of a defendant who is accused of a crime, the state should not be held to a rigid rule which would restrict the cross-examination, so as to prevent inquiry as to any matters which would throw light upon the testimony given in chief and properly connected therewith in any way. Subject to the limitation that the cross-examination shall pertain to the testimony given upon the examination in chief, the accused subjects himself to the same liabilities on cross-examination as do other witnesses: 1 Wharton, Crim. Ev., p. 905, § 430. It must be conceded that the prosecutor is not required to frame his questions in the language used by counsel upon the examination in chief. The inquiry upon cross-examination may extend to facts and circumstances apparently germane to the facts testified to in chief. The cross-examination may be as searching and broad as the foundation upon which it rests. * * *"

The defendant relies on *State v. Jensen,* 70 Or 156, 140 P 740 (1914), and *State v. Ewing,* 174 Or 487, 149 P2d 765 (1944), but these cases are clearly distinguishable and contain nothing helpful to the defendant in this case.

■■ We think the questions asked of defendant on cross-examination were germane to his guilty knowledge and criminal intent. This court has uniformly held in cases involving embezzlement or obtaining money by other fraudulent means that evidence of other similar transactions is admissible to prove criminal intent. See *State v. McGowan,* 218 Or 455, 459, 345 P2d 831 (1959); *State v. Ankeny,* 185 Or 549, 559, 204 P2d 133 (1949); *State v. Cooke et al,* 130 Or 552, 568, 278 P 936 (1929); *State v. Robinson,* 120 Or 508, 511, 252 P 951 (1927); *State v. Germain,* 54 Or 395, 403, 103 P 521 (1909).

Finding no error, the judgment is affirmed.