Argued March 19, affirmed April 9, petition for rehearing
denied May 19, 1970. Petition for review denied by
Supreme Court July 21, 1970

STATE OF OREGON, *Respondent*, *v.*
MILDRED JEAN WOOLARD,
*Appellant.*
No. C-52262
467 P2d 652

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

This is an appeal from conviction of larceny of a ring under ORS 164.310.

Mr. Reingold and his son testified that defendant and a female companion visited Reingold's Jewelers in Portland on September 6, 1967, and tried on some rings. The owner discovered that a ring valued at $250 was missing and the police were called, but no arrest was made because he had not seen the ring taken. On the next day, testimony showed, defendant and a different companion, Beverly Jean McLeod, tried on several rings at another jewelry store in the same neighborhood. Together they chose a ring and the defendant left, saying she must check her parking meter. Miss McLeod left shortly thereafter to get money for a deposit on the ring, and a few moments later the ring, valued at $550, was discovered to be missing. Defendant was charged with theft in the second incident. Evidence of the first incident was received, over objection.

■ Defendant assigns as error: (1) the court erred in allowing evidence of an unrelated crime to go before the jury, and (2) the court erred in instructing

the jury that ten of their number was sufficient for conviction. The latter assignment was decided adversely to defendant's contention in *State v. Gann*, 254 Or 549, 463 P2d 570 (1969).

■ (1) Defendant admitted she was in Reingold's but denied she was with any companion on that occasion. She denied she was in the second store at all on the next day. She argues that evidence of her connection with the first alleged crime was irrelevant and prejudicial. She contends, relying on *State v. Cruse*, 231 Or 326, 372 P2d 974 (1962), where Cruse was charged with obtaining money under false pretenses by passing a worthless check, the evidence of similar crimes by the defendant may be received only as evidence of criminal intent in the crime charged. Testimony in *Cruse* included cross-examination about passing checks other than the one for which defendant was charged. The testimony was held proper because it related to matters about which defendant had testified on direct examination. The court also said:

> "* * * This court has also uniformly held in cases involving * * * obtaining money by * * * fraudulent means that evidence of other similar transactions is admissible to prove criminal intent * * * [citing cases]." 231 Or at 333.

This statement does not mean that receiving evidence of other crimes for such a purpose is the only exception to the general rule against receiving evidence of other crimes. See *State v. Moore*, 1 Or App 394, 460 P2d 866 (1969), Sup Ct *review denied* (1970).

> "It is fundamental that the state is entitled to the benefit of any evidence which is relevant to the issue, even though it concerns the commission of collateral crimes. If evidence of a collateral crime tends to prove the commission of the crime

charged in the indictment, the general rule of exclusion has no application." *State v. Long,* 195 Or 81, 112, 244 P2d 1033 (1952).

"* * * The question is whether the collateral crimes tend to show motive, design or purpose for the crime charged * * *." *Id.* at 116.

A more complete catalogue of the exceptions to the rule against admitting evidence of other crimes is found in *State v. Little,* 87 Ariz 295, 350 P2d 756, 86 ALR 2d 1120 (1960), quoting from *Dorsey v. State,* 25 Ariz 139-44, 213 P 1011 (1923):

" 'To this general rule, however, there are certain well-recognized exceptions, in which evidence of other crimes is competent to prove the specific crime charged. This is true when it tends to establish: (1) Motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes, so related to each other that the proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial.' " 87 Ariz at 303.

The evidence received in the case at bar was proper under the fourth and fifth exceptions. *State v. Howell,* 237 Or 382, 386-87, 388 P2d 282 (1964); *State v. La Rose,* 54 Or 555, 558-59, 104 P 299 (1909); *State v. O'Donnell,* 36 Or 222, 224-26, 61 P 892 (1900).

There was no error in admitting evidence of the first incident, even though the details of what occurred were disputed by the defendant. The determination of the facts and the inferences to be drawn therefrom were for the jury under proper instructions, which were given.

Affirmed.