Argued July 19, affirmed August 26, 1971

STATE OF OREGON, *Respondent, v.*
EUGENE JOSEPH WALSH, *Appellant.*

487 P2d 1401

*George M. Joseph,* Portland, argued the cause for appellant. With him on the brief were Bemis, Breathouwer & Joseph, Portland.

*Walter L. Barrie,* Assistant Attorney General, Sa-

lem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant was convicted of armed robbery, ORS 163.280, and received a life sentence. On appeal, he claims as his single assignment of error that the trial court erred in allowing the state to introduce evidence of an offense other than the one with which he was charged.

Defendant was charged with the armed robbery of a Handy Pantry grocery, 35th and Powell Boulevard in Portland on January 23, 1970. Evidence was introduced at the trial which established that the grocery clerk on duty was robbed on that date by a man in an overcoat (not the defendant), wearing surgical gloves, who carried a rifle under his coat. As the robber ran from the store he was observed by a witness just coming into the grocery. A man identified by a witness as the defendant had just been observed walking toward a car which was parked, with its motor running, beside the grocery. The witness thought to get the license number, ACP 433, of the car, a green Rambler, and report it to the grocery clerk, who in turn advised the police. A few minutes later a green Rambler, license ACP 433, was stopped by the police at 39th and Powell. Three persons were in the car, including defendant who was seated on the front seat, passenger's side. In the car the officers found a pair of surgical gloves, a rifle with sawed-off stock and a brown paper

bag containing approximately the amount and denominations of money which the clerk testified had been taken in the January 23rd robbery.

Over objection, the state was allowed to introduce evidence of a robbery the night before, January 22, 1970, of a Plaid Pantry grocery, 62nd and Sandy Boulevard, Portland, in which the clerk testified that the defendant Walsh and another man entered the store. Defendant held a rifle on the witness, similar in appearance to the gun in evidence. The other robber, who wore plastic gloves, handed witness a paper bag and demanded money. The state offered this testimony as it applied to the issues of identity and intent of defendant. The court admitted the testimony only as it bore:

> "* * * on the issue of plan, design or scheme and * * * the evidence is admitted for that limited purpose only. It must not be taken by you as any evidence, therefore, of the commission of the crime alleged in the indictment."

And in its final instructions to the jury, the court again told the jury that evidence of the events of January 22nd, the day before the date alleged in the indictment, was admitted for the narrowly limited purpose "for such bearing or weight as you find it might have on * * * plan, design or scheme on the part of the defendants. It is admitted for that limited purpose only. * * *" Defendant did not except to these instructions, and understandably so. The quoted instructions limited the purpose for which the jury could apply the evidence of the other crime much more narrowly than the purpose for which it was proffered by the state. Although the actions of defendant in the two robberies bore some of the aspects of a plan, scheme or design, the principal relevance concerned

the identification of defendant as one of the robbers and as bearing on his guilty knowledge and intent.

On practically identical facts we held such evidence admissible in *State v. Woolard,* 2 Or App 446, 467 P2d 652, Sup Ct *review denied* (1970). In the present case the trial court improperly limited the application of the other-crime-evidence, but this was more favorable to defendant than he had a right to expect. There was no error.

Affirmed.