Argued October 28, affirmed November 26, petition for rehearing denied December 21, 1971, petition for review denied March 8, 1972

STATE OF OREGON, *Respondent, v.*
DELBERT FUSTON (No. C-59801), *Appellant.*

490 P2d 1024

*Howard R. Lonergan,* Portland, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Defendant was convicted of assault and robbery while armed. He appeals contending that the trial court erred in (1) admitting testimony tending to link him with two other crimes and (2) allowing a guilty verdict by 10 jurors.

The defendant is alleged to have been one of

a "Mutt and Jeff" duo which robbed a Portland super-market just at the close of business (9 p.m.) on June 11, 1970. Defendant was identified by several employes as the "short" member of the duo and as being in the store pushing a grocery cart just prior to the robbery. He later pulled a "stocking" mask over his face. The other alleged member of the team, the "tall" one, had approached an employe in the back portion of the sales area of the store just before the closing hour, showed him a gun and said, "This is a holdup." He wore dark glasses, no mask.

After the money was removed from the till at the request of defendant, the taller man asked that the safe be opened and the contents placed into a bank bag. All the employes were ordered to go into the milk cooler, which they did.

■ Over defendant's objection the trial judge permitted the state to introduce evidence identifying defendant as a participant in similar robberies of super-markets allegedly by the same duo on May 1 and June 18, 1970, and evidence of the presence on June 14 of two men in an automobile dissimilar to defendant's but with his license plate thereon, parked in the rear of the market robbed on June 18. The trial judge later instructed the jury that it was

> "* * * received * * * solely for the pur-pose that it may tend to establish, if any, evidence of knowledge, design, plan, scheme, or conspiracy of the crime charged or circumstantial evidence or identity of the person charged with the crime would tend to corroborate direct evidence admitted * * *."

Defendant relied on the defense of alibi and gave due notice thereof 10 days before trial. Several witnesses appeared on his behalf and testified that he

was at the residence of a friend in Milton-Freewater at the time of the robbery.

· Was the state entitled to introduce identification evidence of similar crimes tending to prove that defendant and his associate had perpetrated the robbery in question?

■ Where the robbery routine and method of operation is so unusual and distinctive as to be like a signature, evidence thereof is admissible. McCormick, Evidence 322, 328, § 157 (3) (1954).

To establish circumstantially that defendant and his companion committed the robbery in issue, as well as to negative the possibility of mistaken identity, it was competent for the state to show similar acts by defendant and his confederate about the same time, in which the same routine and same method of operation under the same circumstances were used.

The case at bar bears some similarities to *State v. Walsh*, 6 Or App 346, 487 P2d 1401 (1971), where defendant was charged with armed robbery of a night grocery in Portland. Over objection the state was allowed to introduce evidence of a robbery the night before of another night grocery in a different part of the city in which a similar method of operation, weapon and surgical gloves were used. This court affirmed the conviction holding that the evidence of the other crime was admissible to show guilty knowledge and intent as well as plan, design or common scheme.

Also similar is *State v. Woolard*, 2 Or App 446, 467 P2d 652, Sup Ct *review denied* (1970), where defendant was charged with larceny of a ring in a jewelry store. The evidence showed that defendant had tried on rings in the store prior to discovery that the ring in question was missing. Over objection the state was

allowed to introduce evidence that defendant had tried on rings at another jewelry store and that a ring was subsequently discovered to be missing there. On appeal this court held that the evidence of the prior incident was admissible to show a common scheme embracing commission of two or more crimes or as evidence tending to establish the identity of the person charged.

*United States v. Bussey*, 432 F2d 1330 (DC Cir 1970), cited and relied upon by defendant, held in a two-to-one decision that admission of testimony of witnesses to robbery of a transmission company some 20 minutes prior to the robbery in issue (a sewing machine company) was prejudicial error and did not evince a similar pattern which would mark them as distinctive handwork of the same men, and that the conduct of the robbers was not so unusual and distinctive as to be like a signature. This was not the case here.

In the case at bar, in addition to the strong evidence identifying defendant and his companion as perpetrators of all three robberies, the robberies shared the following similar and distinctive characteristics: All businesses robbed were supermarkets; all robberies were staged by two men a few minutes before 9 p.m. closing; the taller man wore dark glasses and was armed with a pistol; he accosted the person whom he considered was in charge of the supermarket, announced that it was a "holdup" and took command; the shorter man was pushing an empty grocery cart, then donned a stocking mask just prior to the actual robberies; the victims were confined in a semi-secure room at the rear of the market—in two instances a cooler room, the other a compressor room; in all

robberies the taller man directed the removal of the money from the safe. This was more than enough.

■ We have been cited to no authority and we have found none to support defendant's contention that he was entitled to notice prior to trial of the state's intention to offer evidence of similar acts. We do not believe any such right is guaranteed by the Fourteenth Amendment to the United States Constitution nor by Art I, § 11, Oregon Constitution.

■ The trial judge did not abuse his discretion in refusing to grant defendant a 10-day continuance and appoint an investigator at public expense

"* * * so we can check this out, make sure that the defendant can't find an alibi that would alibi him as well as other particular incidents on which he is presently tried for * * *."

■ Defendant's second assignment of error is disposed of by *State v. Gann,* 254 Or 549, 463 P2d 570 (1969).

Affirmed.