Argued January 18, reversed and remanded February 4, 1972

STATE OF OREGON, *Respondent,* v. CARL LEE
EDWARDS (No. C-70-12-0907 Cr), *Appellant.*

493 P2d 180

*Howard R. Lonergan,* Portland, argued the cause
and filed the briefs for appellant.

*Joseph F. Ceniceros,* Assistant Attorney General,
Salem, argued the cause for respondent. With him

on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

Defendant was convicted of armed robbery of a hitchhiker. His sole assignment of error is that the trial judge erred in admitting over objection testimony tending to link defendant with a similar robbery in the same general area approximately two months before. The evidence consisted of the testimony of his alleged accomplice and the victim in the prior robbery.

■ Where the robbery routine and method of operation are so unusual and distinctive as to be like a signature, evidence thereof is admissible. *State v. Fuston,* 7 Or App 436, 490 P2d 1024 (1971). *See also State v. Walsh,* 6 Or App 346, 487 P2d 1401 (1971); *State v. Woolard,* 2 Or App 446, 467 P2d 652, Sup Ct *review denied* (1970); *State v. Moore,* 1 Or App 394, 460 P2d 866 (1969), 463 P2d 373, Sup Ct *review denied* (1970).

■ Defendant contends that the prior robbery was insufficiently similar to the charged robbery to justify allowing evidence thereof to be admitted. We agree. In addition to the substantial time interval between the two robberies, viz., two months, the facts of the two crimes were not "so unusual and distinctive as to be like a signature." *State v. Fuston,* supra at 439. For example, in the case at bar the evidence was that a gun was used by the alleged robber. None was used in the prior robbery. Further, in the earlier robbery the victim's shoes were seized, presumably to impede

the victim's efforts to summon police. This was not done in the case at bar. Although it is true as the state points out that there was some similarity in the warnings given by both robbers to their victims to start walking and not look back or they would be shot, we conclude that there was not enough similarity overall between the two crimes to come within the above exception to the general rule against introducing evidence of other distinct crimes. *Cf. State v. Fuston, State v. Walsh, State v. Woolard, State v. Moore,* all supra. The same conclusion was reached in *State v. Sauter,* 125 Mont 109, 112, 232 P2d 731 (1951), which involved a charge of forcible rape by defendant and another in an automobile after picking up victim in a bar. The court there held that it was error to admit evidence of a rape accomplished by defendant after a similar pickup of another victim, observing that such escapades were "too common * * * to have much evidentiary value in showing a systematic scheme or plan."

Defendant's further contention that he was entitled to notice prior to trial of the state's intention to offer evidence of similar acts was not preserved in the trial court. Therefore there is nothing properly before us to review on appeal.① *State v. Jorgensen,* 8 Or App 1, 492 P2d 312 (1971).

Reversed and remanded.

---

① This same contention was considered and rejected in State v. Fuston, 7 Or App 436, 490 P2d 1024 (1971).