Argued May 15, reversed and remanded June 9, 1972

STATE OF OREGON, *Respondent, v.*
JEROME AKLES (No. C-71-08-2461), *Appellant.*
497 P2d 1207

502

*Darrell E. Bewley,* Portland, argued the cause for appellant. With him on the brief were Francis F. Yunker and Susak & Lawrence, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

FOLEY, J.

■ Defendant was convicted of armed robbery and

he appeals asserting four assignments of error. The first three assignments are interrelated and concern the introduction of evidence of defendant's prior convictions. The fourth assignment, which alleges error because the trial court accepted less than a unanimous jury verdict, was decided adversely to defendant in *State v. Gann*, 254 Or 549, 463 P2d 570 (1969); *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972).

Defendant took the stand in his own defense and testified during direct examination that he had been on parole from an armed robbery conviction when the crime for which he was being tried had been committed.[1]

When it was time for cross-examination, the district attorney sought to introduce what was denominated the "judgment roll"[2] of the 1967 armed robbery conviction and similarly the "judgment roll" of a larceny conviction. The "judgment roll" of the armed robbery conviction included the indictment for armed robbery, the arraignment order and entry of plea of not guilty, the trial order, including the jury verdict, in addition to the record of judgment. The

---

[1] The state made no objection to this testimony. As to the admissibility of such testimony, *see* State v. Hamilton, 4 Or App 214, 476 P2d 207, 209 (1970), Sup Ct *review denied* (1971); ORS 45.590.

[2] The judgment roll is distinguished from the record of the judgment itself. The "judgment roll" by statute formerly consisted of copies of the indictment, demurrer, if any, journal entries of the plea, trial and verdict, as well as the judgment; also any orders affecting the judgment and bill of exceptions. See OCLA 26.1221. In 1959 this statute was repealed and ORS 137.220 enacted in lieu thereof. In the newly enacted statute essentially the same documents which had been the "judgment roll" became the "trial court file." It is the record of the judgment which is admissible for impeachment purposes. ORS 45.600.

indictment for the earlier armed robbery alleged that the crime had been committed at knife point, which was in a manner similar to that allegedly employed by defendant in the present case.[3]

Defense counsel objected to evidence of prior convictions as irrelevant and cumulative since the jury already knew that the defendant had been convicted of a crime. The court overruled the objection.

Defendant's testimony did not foreclose the state's right to impeach him as an adverse witness under ORS 45.600 which provides:

"A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth is bad or that his moral character is such as to render him unworthy of belief; but he may not be impeached by evidence of particular wrongful acts, except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime."

■■ Evidence of the larceny conviction was admissible to prove that defendant had been convicted of more than one crime. *State v. Wilson,* 182 Or 681, 697, 189 P2d 403 (1948). To the extent that impeachment for armed robbery was cumulative, the introduction of such evidence lay within the discretion of the trial judge.[4]

■ After his first objection had been overruled,

---

[3] There was no attempt to introduce this evidence as proof of *modus operandi. See* State v. Edwards, 8 Or App 159, 493 P2d 180 (1972), and cases cited therein.

[4] We do not interpret Mannix v. Portland Telegram, 144 Or 172, 190-192, 23 P2d 138, 90 ALR 55 (1933), as requiring a different result because in that case the plaintiff was trying to introduce evidence of matters other than the record of judgment.

defense counsel objected to the introduction of any documents other than the judgment orders. The entire "judgment roll" of both the larceny conviction and the armed robbery conviction were admitted into evidence over this objection. The extraneous documents in the armed robbery conviction contained evidence of particular wrongful acts, e.g., the manner in which the armed robbery had been committed, contrary to the provisions of ORS 45.600. Their admission was prejudicial and requires reversal. *See State v. Bouthillier,* 4 Or App 145, 476 P2d 209, 479 P2d 512 (1970), Sup Ct *review denied* (1971); *State v. Capitan,* 8 Or App 582, 588, 494 P2d 443, Sup Ct *review denied* (1972).

■ After the judgment rolls had been admitted, the district attorney asked the court to read the exhibits to the jury, and the court, without objection by defense counsel, read both judgment orders and in addition told the jury that the first armed robbery had been committed at knife point. This inadvertent participation by the court in the presentation of evidence for the prosecution was error.

Reversed and remanded.