Argued November 26, affirmed December 10, 1973

STATE OF OREGON, *Appellant,* v. BILL ROBERT
PENA AND SANDRA LEE PENA (No. 33281),
*Respondents.*

516 P2d 761

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Fred A. Yeck,* Newport, argued the cause for respondents. On the brief were MacPherson, Carstens & Menegat; Noel, Minor & Yeck and Kurt Carstens, Newport.

Before SCHWAB, Chief Judge, and LANGTRY and TANZER, Judges.

LANGTRY, J.

The state appeals from an order dismissing an information which also barred further prosecution of the case. The charge was for a Class C felony, first degree theft. ORS 164.055 (1) (a). ORS 138.060 (1) provides authority for such an appeal. The state contends the court exceeded its discretion in the order it made. The charging part of the information alleged:

> "That said Bill Robert Pena and Sandra Lee Pena on the 14th day of May A.D. 1973, in the said County of Lincoln and State of Oregon, then and

there being, and then and there acting together, did unlawfully and knowingly commit theft of

"[Eleven items of jewelry are individually alleged.]

in aggregate transaction, of the total value of more than two-hundred dollars, the property of Michael Harold Taylor and Larry Edward Juris * * *."

Defendants waived indictment and submitted to information on May 21, 1973. A demurrer alleging that the information improperly stated two crimes was filed May 23. On May 21 the case had been set for trial on May 30. On May 29 arguments were heard by the court on the demurrer and it was overruled. The contention of the defendants was that the alleged thefts from Taylor and Juris were different transactions in that they were of different property and occurred at separate times and places on the same day. The prosecutor contended that though this was so the separate transactions were part of a continuing scheme and could be aggregated to make two Class A misdemeanors, both theft in the second degree (ORS 164.045), a felony by adding together the value of the items taken from the different people. ORS 164.055 (1) (a).

■ The demurrer was overruled because from the face of the information it did not appear that the allegations necessarily described two transactions. This ruling was correct under our decision in *State v. Clipston,* 3 Or App 313, 319-20, 473 P2d 682 (1970). In *Clipston* we also held that upon trial, when from evidence it appears that some counts are improperly joined and that fact is not apparent upon the face of the indictment, it is proper then for the court to order elimination of the improperly joined counts.

On May 30 at the time set for trial the district

attorney asked the court whether its ruling upon the demurrer required that the state must prove the stolen property was jointly owned by Taylor and Juris, to which the court answered:

> "* * * [T]he State could prove either that it's jointly owned or elect which one it was owned by."

The district attorney then asked for an agreement for an amended information. Defendants' respective counsel would not agree. The district attorney moved for a continuance which the court refused. He then asked the court, under the provisions of ORS 136.120,[1] to rule that the information be "retained" in order that the matter could be submitted to the grand jury for an indictment to replace the information. This the court refused to do, saying:

> "The Court takes the position that the information states a crime which would be provable. There's a jury waiting and has been waiting for 20 minutes * * *."

Later the court said:

> "* * * [T]he issue is that there is a good and valid charge, and parties had adequate notice. There is a jury waiting. We will call it for trial and then we will go from there * * *."

The court then called the case for trial, the district attorney refused to proceed and the court dismissed the information. *Cf. State v. Pflieger,* 15 Or App 383, 515 P2d 1348 (1973).

---

[1] ORS 136.120 provides:

"If * * * the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the indictment to be discharged, unless, being of opinion that the public interests require * * * it directs it to be retained."

■ This court then had under advisement *State v. Barnes,* 14 Or App 23, 511 P2d 1235 (1973). In the decision in that case, we interpreted ORS 164.055 (1) (a)

"* * * as authorizing 'aggregation' only if the component acts are a part of the same 'transaction' as that word has been previously defined by the Oregon Supreme Court." (Footnote omitted.) 14 Or App at 33.

Under such definitions our opinion makes it clear that separate thefts by the same person or persons at different places and times from different people cannot be aggregated to make two misdemeanor thefts in the second degree into one felony theft in the first degree. When the district attorney sought a continuance in order to get an indictment, he made it clear he still intended to try to present the felony charge. Thus, he was seeking what could not be.

■■ The trial court was correct when it said the information presented at least one good charge of Class A misdemeanor, theft in the second degree. When the district attorney refused to proceed further, we cannot say that the court acted beyond the limits of the discretion accorded it by ORS 136.120 in refusing to retain the matter. Two reasons appear for this: (1) The district attorney waited a week after filing of the demurrer and until a jury was waiting to make the request; and (2) the district attorney even then wanted to try to state a defective theory of aggregation which ultimately would have occasioned more delay and, in the end, probably the same result. In the interval the defendants were being held in jail though ready for trial.

Affirmed.