Argued and submitted March 30, affirmed in part; vacated and remanded in part
July 22, 1987

STATE OF OREGON,
*Respondent,*

*v.*

DWIGHT CECIL JOHNSON,
*Appellant.*

(C86-03-31287; C86-03-31288; C86-03-31293;
CA A41084 (Control); CA A41085; CA A41086)
(Cases Consolidated)

739 P2d 1048

Marsha Mussehl, Salem, argued the cause for appellant. On the brief was Gary D. Babcock, Public Defender, Salem.

Terry Ann Leggert, Assistant Attorney General, Salem,

argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Steve Vlcko, Certified Law Student, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

Young, J., concurring in part; dissenting in part.

## WARDEN, P. J.

Defendant was convicted on five counts of theft in the first degree (Theft I), ORS 164.055,[1] charged in three separate informations. He appeals all five convictions.[2] We affirm in part and reverse in part.

The information in case no. C86-03-31287 charged defendant with two counts of Theft I from Fred Meyer, Inc. Count I charged theft by writing 21 checks on a closed bank account[3] at five different Fred Meyer stores on September 2, 1985. The total amount of the checks written in any one store did not reach $200. Count II charged theft by writing 10 checks at two different Fred Meyer stores on September 4, 1985. The total amount of the checks written in one store exceeded $200; in the other the total was less than $200.

The information in case no. C86-03-31293 charged two counts of Theft I from Nordstrom's, Inc. Count I charged theft by writing four checks at one store and one check at another on September 8, 1985. The four checks total over $200, but the single check was for less than that amount. Count II charged theft by writing two checks totalling over $200 at a Nordstrom store on September 9, 1985.

The information in case no. C86-03-31288 charged theft by writing four checks, totalling over $200, at one J. C. Penney store on October 8, 1985.

Defendant demurred to the informations on the ground that the 42 separate checks were improperly alleged as five aggregate transactions in five counts of Theft I. His argument, renewed on appeal, is that, because each of the 42 checks was for less than $200, he could only be charged with 42 counts of theft in the second degree (Theft II). ORS 164.045.[4]

---

[1] ORS 164.055 provides, in relevant part:

"(1) A person commits the crime of theft in the first degree if, by other than extortion, the person commits theft as defined in ORS 164.015; and

"(a) The total value of the property in a single or aggregate transaction is $200 or more * * *."

[2] The appeals are consolidated.

[3] All the checks referred to in this opinion were drawn on the same closed account.

[4] ORS 164.045 provides:

"(1) A person commits the crime of theft in the second degree if, by other

The trial court overruled the demurrers, reasoning that the allegations of aggregate transactions were proper, because each count involved a continuous course of the same criminal conduct against the same victim, even though all of the checks in some counts were not alleged to have been written at the same store.

■    The material issue is whether the acts alleged in each count fall within the meaning of an "aggregate transaction" under ORS 164.055(1)(a). *See* n 1 and n 4, *supra.* In *State v. Barnes,* 14 Or App 23, 33, 511 P2d 1235 (1973), we interpreted the statutory language "as authorizing 'aggregation' only if the component acts are part of the same 'transaction' as that word has been previously used by the Oregon Supreme Court." The Supreme Court, in interpreting ORS 132.560(2) (which details when two or more charges may be joined in an indictment), has stated:

> "[T]wo charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge." *State v. Fitzgerald,* 267 Or 266, 273, 516 P2d 1280 (1973).

To fall within the meaning of an "aggregate transaction" under ORS 164.055(1)(a), therefore, a defendant's acts must be closely connected in time, place and circumstance, and there must also be an overlap of evidence connecting the acts.

■    The state concedes that the trial court erred by allowing aggregation of the checks in both counts of the information charging theft from Fred Meyer (case no. C86-03-31287), and Count I of the information charging theft from Nordstrom (case no. C86-03-31293). Because each of those counts alleges an aggregate transaction from checks written in more than one of the respective victims' stores, those acts or transactions are not so closely linked as to place that an account of one necessitates relating the details of the others.

■    The state argues, however, that the information

----

than extortion, the person:

"(a) Commits theft as defined by ORS 164.015; and

"(b) The total value of the property in a single or aggregate transaction is under $200."

charging theft from J.C. Penney and Count II of the information charging theft from Nordstrom's properly charged Theft I, because defendant's acts of writing checks on the same closed account in the same store on the same day constitute a continuous course of conduct with a common criminal objective and because those acts are not separated by time or place. We agree that the charges in those counts fall within the meaning of "aggregate transaction" under ORS 164.055(1)(a), and we therefore affirm those convictions.[5]

Convictions in case no. C86-03-31288 and Count II of case no. C86-03-31293 affirmed; case no. C86-03-31287 and Count I of Case No. C86-03-31293 vacated and remanded for entry of judgments of conviction for theft in the second degree and resentencing.

**YOUNG, J.,** concurring in part; dissenting in part.

I agree with the majority that the issue here is whether each count alleges an "aggregate transaction" within the meaning of ORS 164.055(1)(a), and that the test is whether the acts alleged in each count are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge. *See State v. Barnes,* 14 Or App 23, 511 P2d 1235 (1973). I also agree that the trial court should have allowed the demurrer as to the information charging theft from Fred Meyer (case no. C86-03-31287) and as to Count I of the information charging theft from Nordstrom's (case no. C86-03-31293). *See State v. Pena,* 15 Or App 582, 586, 516 P2d 761 (1973). I disagree, however, with the majority's disposition of those counts. The majority vacates and remands for sentencing for Theft Two. Without a valid accusatory instrument, there is nothing to try. We should reverse case no. C86-03-31287 and Count I of case no. C86-03-31293.

As to Count II of C86-03-31293 and case no. C86-03-31288, I cannot agree with the majority's holding that the

---

[5] Our decision here is not inconsistent with *State v. Barker/Phelps,* 86 Or App 394, 739 P2d 1045 (1987). In that case, we affirmed the defendants' convictions on two counts of attempted burglary and one count of burglary for their acts committed in three self-contained units within a large commercial storage facility, in part because each unit was rented by a different individual. Here, the checks written by defendant were "aggregated" only when they were written in the same store on the same day, and each crime was thus committed against the same victim.

remaining counts satisfy the "aggregate transaction" requirement, because the record is inadequate to support that conclusion. A record which shows only that defendant wrote the checks to the same store on the same day is not, to my mind, sufficient to show, as it must, that a complete account of one of the bad check transactions cannot be related without giving details of the others. For example, defendant wrote two checks to Nordstrom's on the same day. Let us suppose that he wrote one of them just after the store opened, left the store and did not return until several hours later, at which time he wrote the other check. I hardly think that those two acts would be so closely linked in time, place and circumstance that a complete account of one cannot be related without details of the other. Unfortunately, the record does not reveal any of the circumstances surrounding the check transactions; it shows only that defendant wrote two bad checks to Nordstrom's on the same day. The same problem exists with the allegations of theft from J.C. Penney.

Although the majority cannot get there from here on this record, I nonetheless agree with the result. It is error to disallow a demurrer only if it is apparent on the face of the accusatory instrument that the acts were not part of an aggregate transaction. *See State v. Pena, supra,* 15 Or App at 584; *State v. Clipston,* 3 Or App 313, 319-20, 473 P2d 682 (1970). Here, it is not apparent on the face of the informations that the multiple checks to the same stores on the same days were not part of an "aggregate transaction"; indeed, that issue was not even resolved by the evidence at trial. I therefore agree that defendant's convictions in case no. C86-03-31288 and on the second count in case no. C86-03-31293 should be affirmed.