Argued and submitted January 4, reversed and remanded for new trial March 3, reconsideration denied May 12, petition for review denied August 24, 1993

(317 Or ___)

# STATE OF OREGON,
*Respondent,*

*v.*

# ROGER JAY ROBERTSON,
*Appellant.*

## (911658; CA A74438)

847 P2d 894

Charles D. Burt, Salem, argued the cause for appellant. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals his conviction for aggravated theft in the first degree. ORS 164.057.[1] We reverse.

Defendant formed a corporation that provided public relations and advertising services to Lincoln City. Over 2-1/2 years, defendant regularly charged Lincoln City for advertising that was never purchased, charged twice for advertising that was purchased or charged a greater amount than was owed. Defendant overcharged the city for the services of 42 different vendors. The overcharges totalled more than $39,000, but each individual overcharge was for less than $10,000.

Defendant was indicted on a single charge of aggravated theft in the first degree. To reach the statutory minimum of $10,000 for aggravated theft, the indictment[2] aggregated a series of overcharges, each involving less than $10,000. After indictment, defendant demurred and also moved to force the state to elect and separately state the offenses.[3] The demurrer was overruled and the motion was denied.[4]

Defendant first assigns error to the trial court's denial of his pretrial "Motion to Elect." Oregon's criminal

---

[1] ORS 164.057 provides, in part:

"(1) A person commits the crime of aggravated theft in the first degree if:

"(a) The person * * * [commits theft in the first degree]; and

"(b) The value of the property in a single or aggregate transaction is $10,000 or more."

[2] The indictment charges:

"The defendant is accused by the Lincoln County Grand Jury of AGGRAVATED THEFT IN THE FIRST DEGREE - committed as follows:

"The said defendant, between the 25th day of April, 1988 and the 1st day of January, 1991, in the County of Lincoln and the State of Oregon, did unlawfully and knowingly commit theft of money, of a total value of $10,000 or more, the property of the municipality of Lincoln City."

[3] The "Motion to Elect" requested the court to direct the District Attorney

"to elect which of the transactions are to be presented in support of their [sic] indictment in the above-entitled case. In the alternative, demurs [sic] to the indictment herein should be filed on the grounds and for the reason that the same failed to state a charge of aggravated theft in the first degree."

[4] Before the trial court and on appeal, the state does not raise any issue regarding the propriety of a "Motion to Elect" as a procedural tool.

code contemplates that several instances of theft may be properly aggregated in order to reach the minimum required for a particular degree of theft. *See, e.g.*, ORS 164.057(1)(b). However, no statute defines the term "aggregate transaction" or indicates when aggregation is appropriate. *State v. Johnson*, 86 Or App 430, 433, 739 P2d 1048 (1987) held that

> "[t]o fall within the meaning of an 'aggregate transaction'
> * * * a defendant's acts must be closely connected in time,
> place and circumstance, and there must also be an overlap of
> evidence connecting the acts." 86 Or App at 433.

Whether acts are closely connected in time, place and circumstance is not self-evident. In *Johnson*, we permitted aggregation of theft charges when the defendant wrote bad checks on the same closed account to the same Nordstrom store on the same day. However, we did not permit the aggregation of theft charges when the defendant wrote bad checks on the same closed account at five different Fred Meyer stores on the same day, because those acts were not closely connected in place.

Defendant was indicted for overcharging Lincoln City for the advertising services of 42 different vendors over a period of 2-1/2 years. He is alleged to have used several different techniques. Thus, defendant's overcharges show an even more tenuous connection in time, place and circumstance than was the case with the bad checks written to the Fred Meyer stores in *Johnson*. We conclude that the overcharges should not have been aggregated to reach the $10,000 minimum for aggravated theft.

In light of our disposition, we need not address defendant's other assignments of error.

Reversed and remanded for a new trial.