Argued and submitted March 16, conviction in CA A76405 vacated and remanded for resentencing; otherwise affirmed May 25, 1994

STATE OF OREGON,
*Respondent,*

*v.*

RICHARD ALAN YOUNG,
*Appellant.*

(C91-1909CR, C91-1914CR;
CA A76405 (Control), A76406)
(Cases Consolidated)

875 P2d 528

Diane L. Alessi, Chief Deputy Public Defender. With her on the brief was Sally L. Avera, Public Defender.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Following a consolidated trial, defendant was convicted of, among other things, two counts of theft in the first degree. ORS 164.055 (*since amended by* Or Laws 1993, ch 252, § 5, and Or Laws 1993, ch 680, § 20). He challenges only those convictions. We affirm defendant's conviction in CA A76406 without discussion, and write only to address his arguments regarding his conviction in CA A76405.

At the relevant time, theft in the first degree was defined as theft of $500 or more "in a single or aggregate transaction."[1] The charge at issue depends on an aggregation of the value of seven fraudulent checks, written at various stores, on different days. Defendant moved for judgment of acquittal on the ground that the values of the checks should not be aggregated to increase the severity of his crime. He assigns error to the denial of that motion.

██ ██ On appeal, the state concedes that, under our decisions in *State v. Robertson*, 118 Or App 412, 847 P2d 894, *rev den* 317 Or 157 (1993), *State v. Johnson*, 86 Or App 430, 739 P2d 1048 (1987), and *State v. Barnes*, 14 Or App 23, 511 P2d 1235 (1973), the trial court erred by ruling that the various incidents of theft constituted an "aggregate transaction," within the meaning of ORS 164.055(1)(a). We decline the state's invitation to overrule them.[2] Therefore, we vacate the conviction in CA A76405, and remand with instructions to

---

[1] The version of ORS 164.055 applicable to this case provided, in part:

"(1) A person commits the crime of theft in the first degree if, by other than extortion, the person commits theft as defined by ORS 164.015 and:

"(a) The total value of the property in a single or aggregate transaction is * * * $500 or more[.]"

The 1993 amendment to that provision raises the minimum value of the stolen property to $750. Or Laws 1993, ch 680, § 20.

[2] Those cases hold that various incidents of theft constitute an aggregate transaction only if they are closely connected in time, place and circumstance, and if there is an overlap of evidence connecting the acts. They have now been superseded by 1993 amendments to ORS chapter 164, for cases arising after the effective date of those amendments. Or Laws 1993, ch 680, § 22. ORS 164.115(4) now provides:

"The value of single theft transactions may be added together if the thefts were committed:

"(a) Against multiple victims by similar means within a 30-day period; or

"(b) Against the same victim, or two or more persons who are joint owners, within a 180-day period."

enter a judgment of conviction for the lesser included offense of theft in the second degree. *State v. Johnson, supra.*

Conviction in CA A76405 vacated and remanded for entry of judgment of conviction for theft in the second degree and resentencing; otherwise affirmed.