Argued and submitted September 30, reversed and remanded November 10, 2004, petition for review denied March 22, 2005 (338 Or 363)

# STATE OF OREGON,
*Appellant,*

*v.*

# REGGIE PRATT,
*Respondent.*

## 0205-32916; A120448

102 P3d 149

Paul L. Smith, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Joshua B. Crowther, Deputy Public Defender, argued the cause for respondent. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

PER CURIAM

## PER CURIAM

Defendant is charged with witness tampering arising from a previous trial on robbery charges. The state appeals the trial court's order in this case denying the state's motion to admit defendant's prior testimony given on cross-examination in the robbery trial and granting defendant's motion to suppress his prior testimony. In the testimony, defendant admitted that he knew an alleged accomplice to the witness tampering and that that person had told him that witnesses to the robbery were "snitching" on him. The trial court accepted defendant's argument that the testimony violated his right against self-incrimination, and it ruled that he should have received new *Miranda* warnings before testifying in the robbery trial. We reverse.

In *State v. Randall*, 27 Or App 869, 557 P2d 1386 (1976), *rev den*, 278 Or 553 (1977), we held that the state's use of the testimony of a defendant who had previously testified at a parole revocation hearing without receiving *Miranda* warnings did not violate the Fifth Amendment to the United States Constitution. The same analysis applies under Article I, section 12, of the Oregon Constitution. Here, defendant's testimony in the robbery trial was relevant to those charges. The fact that the testimony that the state offered in this case occurred on cross-examination rather than on direct examination does not affect its admissibility. By testifying on his own behalf on direct examination, defendant waived the constitutional protection on all matters properly germane to and connected with his testimony in chief. *State v. Cruse*, 231 Or 326, 330, 372 P2d 974 (1962); *see also* ORS 136.643.

Reversed and remanded.